UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 08-13555 (MG) |
| EDWARD O'HARA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NAT'L ASS'N, AS TRUSTEE FOR THE LEHMAN XS TRUST 2006-12N,<br><br>Defendant. | Adv. Pro. No. 24-04034 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

*A P P E A R A N C E S*:

HINSHAW & CULBERTSON LLP
*Attorneys for Defendant U.S. Bank, as Trustee for the LXS 2006-12N*
800 Third Avenue, 13th Floor
New York, New York 10022
By:    Sherry Xia, Esq,

EDWARD J. O'HARA
*Pro Se Plaintiff*

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the "Motion," or "MTD," ECF Doc. # 12) of

U.S. Bank National Association, as Trustee for the Lehman XS Trust 2006-12N (the

"Defendant," "Movant," or "U.S. Bank") seeking the dismissal of *pro se* plaintiff Edward

O'Hara's ("O'Hara" or "Plaintiff") First Amended Complaint ("FAC" or "Amended Complaint," ECF Doc. #7), filed on December 16, 2024.

This Court previously dismissed the FAC on January 21, 2025 on *Rooker-Feldman* grounds (*see* "Prior Opinion," ECF Doc. # 13).  On September 29, 2025, the U.S. District Court for the Southern District of New York affirmed in part and remanded in part this Court's Prior Opinion.  Opinion & Order, the "District Court Opinion," 1:25-cv-01001-ALC, Doc. # 45, at 21 (Sept. 29, 2025).  The District Court directed that the Bankruptcy Court consider on remand the arguments for dismissal of the fraud claims.

This Court held a hearing (the "Scheduling Hearing") on October 16, 2025, to set a schedule on remand.  (*Order Setting Schedule for Future Proceedings on Remand from the District Court*, the "Scheduling Order," ECF Doc. # 30.)  Both parties agreed that the fraud claims are contained in Counts 1 and 2 of FAC.  (*Id.*)  In accordance with the Scheduling Order, parties filed the following briefs:

- On November 17, 2025, U.S. Bank filed the *Defendant's Supplemental Memorandum of Law in Further Support of Motion to Dismiss Plaintiff's Amended Complaint* (the "Supporting Brief," ECF Doc. # 32).

- On December 16, 2025, the Plaintiff filed the *Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss and Request for Judicial Notice* (the "Opposition Brief," ECF Doc. # 34).

- On January 12, 2026, U.S. Bank filed the *Defendant's Reply Memorandum of Law in further Support of Motion to Dismiss Plaintiff's Amended Complaint* (the "Reply," ECF Doc. # 35.)

For the reasons set forth below, the Court **GRANTS** the Motion to dismiss the Amended Complaint because it is time-barred.

# I. BACKGROUND

## A. Case Background

### 1. Factual Background

On May 6, 2006, nonparty Francis O'Hara ("Francis") executed a promissory note in the principal amount of $695,900 in favor of MortgageIt, Inc. ("MortgageIt"), U.S. Bank's predecessor-in-interest.[1] (MTD ¶ 1.) On that same date, O'Hara and Francis executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for MortgageIt, and pledged the property located at 1414 King Street, Greenwich, Connecticut 06831 ("Connecticut Property") as security for the loan. (*Id.*) The note and mortgage were ultimately assigned to U.S. Bank. (*Id.* ¶ 2.) O'Hara contends that this assignment was "fraudulent and invalid." Francis and O'Hara failed to make payments on the mortgage. (*Id.*) U.S. Bank first filed suit ("First Foreclosure Action") against O'Hara on or around October 11, 2011, in Connecticut Superior Court, and O'Hara paid $137,657.64 in 2012 to settle the issue and temporarily avoid foreclosure. (FAC at 6.) O'Hara claims that this money was not sent by U.S. Bank to the Trustee in the Lehman Brothers bankruptcy. U.S. Bank commenced a second foreclosure action ("Second Foreclosure Action") against O'Hara in the Connecticut Superior Court on September 30, 2013. (MTD ¶ 2.) On December 14, 2015, the Connecticut Superior Court granted U.S. Bank's motion for judgment of foreclosure and sale. ("Foreclosure Judgment.") (*Id.* ¶ 4.)

O'Hara commenced a barrage of litigation attempting to forestall foreclosure, including: a motion to vacate the Foreclosure Judgment in Connecticut state court, motions for sanctions, additional motions to vacate the Foreclosure Judgment, multiple attempts to remove the foreclosure action to federal court, and personal bankruptcy proceedings. (*See* Exhibits E–H to

---

[1] While some of these facts are drawn from the Motion to Dismiss, O'Hara does not contest them.

3

the MTD; MTD ¶¶ 5–12.) During one such effort, O'Hara argued that U.S. Bank lacked standing to bring the Foreclosure Action on the grounds that the underlying mortgage assignment was faulty (Exhibit D to the MTD); the Connecticut Superior Court ordered briefing on the question of standing (Exhibit E to the MTD), but O'Hara's counsel never filed a brief, so his motion to dismiss was denied. (Exhibit F to the MTD.) Indeed, each of O'Hara's efforts to delay foreclosure so far was unsuccessful. Each of O'Hara's personal bankruptcies was dismissed as well, with repeat findings that his tactics were prejudicial to creditors and "part of a scheme to delay, hinder, or defraud creditors." (MTD ¶ 12; see also Exhibit H to the MTD.)

The Foreclosure Judgment continues to stand, albeit updated in 2024 to accurately reflect the amount owed. (MTD ¶ 7.)

### 2. Procedural History

On September 30, 2024, O'Hara filed the *Motion for Clarification* (the "Motion for Clarification," Case No. 08-13555, ECF Doc. # 61691) in the main Lehman bankruptcy case. O'Hara also filed a stay motion (the "Stay Motion 1," Case No. 08-13555, ECF Doc. # 61692) on the same day, also in the main bankruptcy case, along with a document styled as a notice of appearance (the "Notice of Appearance," Case No. 08-13555, ECF Doc. # 61693). Finally, O'Hara filed his Complaint against U.S. Bank on October 31, 2024, on the same day that the adversary proceeding commenced. (Case No. 08-13555, ECF Doc. # 61701.) Neither U.S. Bank nor the Debtor responded to any of these filings.

O'Hara filed his first Complaint in this adversary proceeding on October 31, 2024. (*See* ECF Doc. # 1.) It was served on an attorney for U.S. Bank, at the latest, on November 19, 2024. (*See* ECF Doc. # 2.) U.S. Bank filed its Motion to Dismiss on December 6, 2024. (*See* ECF Doc. # 5.) O'Hara then filed his second Stay Motion on December 9, 2024 (ECF Doc. # 6), his

4

First Amended Complaint on December 16, 2024 (ECF Doc. # 7), and his Second Amended Complaint on December 30, 2024 (ECF Doc. # 11).

The second Stay Motion, filed in this adversary proceeding, added claims against U.S. Bank to those alleged in the Complaint.  But a stay motion is not a substitute for an amended complaint.  After a motion to dismiss is filed, a plaintiff has a right to amend his pleading once within twenty-one days of the filing of the motion to dismiss; and after that, the plaintiff may only amend the complaint with the opposing party's written consent or the court's leave, pursuant to FED. R. CIV. P. 15(a)(1)–(2).  As discussed below, the First Amended Complaint responds in substance to the Motion to Dismiss, so rather than discounting it as an improper second amended complaint filed without this Court's or U.S. Bank's permission, it could be interpreted as O'Hara's reply brief.  However, even the most generous interpretation of O'Hara's pleadings, his Second Amended Complaint, filed on December 30, 2014, was improper—it is a second (if not third) amendment to his original Complaint, which he filed without U.S. Bank's or this Court's permission and hence in violation of FED. R. CIV. P. 15(a)(2).  But, as discussed below, the Second Amended Complaint does not add any arguments or claims, nor does it respond to the MTD, so this Court will not take it into consideration in determining this case.

As for his three distinct filings in the main Lehman bankruptcy case (the Motion for Clarification, Stay Motion 1, and the Notice of Appearance) , there is no indication on the docket that U.S. Bank was served with these papers.  U.S. Bank is identified as the intended recipient (if not exactly the defendant) for each of these documents.  (*See* Motion for Clarification at 1; Stay Motion 1 at 1; Notice of Appearance at 1.) The Court has reviewed each of these pleadings previously undertaken by O'Hara in state and bankruptcy court, which resulted in consistent rulings against him.

5

### B. Amended Complaint Claims

For fulsome discussion of the Amended Complaint and affirmed grounds for dismissal, see this Court's Prior Opinion and the District Court Opinion. As noted previously, the current matter concerns only Counts 1 and 2 of the Amended Adversary Complaint that appears on the Bankruptcy Court docket at ECF Doc. # 7.

Counts 1 and 2 of the Amended Complaint are as follows:

#### 1. Count 1: Damages from Intentional Material Misrepresentation and Fraud Upon the Court Related to First Foreclosure Action

The Plaintiff claims that the Connecticut State court lacked jurisdiction over the First Foreclosure Action, a fact that U.S. Bank ignored when they moved forward with litigation as part of "material misrepresentation and fraud upon the court." (FAC at 5.) The Plaintiff argues that one of Judge Peck's (unspecified) orders in the main Lehman bankruptcy case gave this Court exclusive jurisdiction over "all foreclosures of loans in Lehman Trust which were part of the Lehman Bankruptcy." (*Id.* at 2.) The Plaintiff continues that U.S. Bank "knew or should have known that the Lehman case had [exclusive] jurisdiction" and that "[i]t is a fraud upon the court with intent and full knowledge to file simultaneous litigation in other courts which have no subject matter jurisdiction over the Lehman Trust, the LXS 2006-12." (*Id.* at 6.)

The Plaintiff states a claim for $137,657.64 (the amount the Plaintiff paid to settle the issue and temporarily avoid foreclosure) plus interest for twelve years and a claim for punitive damages totaling $5 million. (*Id.* at 5-6.)

#### 2. Count 2: Damages from intentional material misrepresentation and fraud upon the court related to Second Foreclosure Action

The Plaintiff makes the same arguments pertaining to the Second Foreclosure Action. The Plaintiff states that in filing the Second Foreclosure Action in Connecticut, U.S. Bank caused the Plaintiff to "defend this case with an expert securities law attorney, 3 other attorneys,

6

2 third party research persons, and [to incur] excessive mailing costs document production costs and travel expense in an amount, all totaled, of approximately $80,000, in addition to largely defending the case by himself for 13 years, causing tremendous emotional distress." (FAC at 7.) The Plaintiff states a claim for $80,000 plus interest, over eleven years as actual damages and for $5 million as total punitive damages "for defending a case in a court without jurisdiction, and all other damages." (*Id.* at 8.)

### C. Motion to Dismiss

U.S. Bank moves to dismiss the Complaint under FED. R. CIV. P. 12(b)(1) and 12(b)(6). U.S. Bank argues the following:

1. This Court lacks subject matter jurisdiction, as the *Rooker-Feldman* doctrine provides that federal courts cannot act as courts of appeal from state court decisions.
2. This Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b).
3. O'Hara's claims fail as a matter of law because of *res judicata*.
4. The claims are time-barred.
5. O'Hara fails to plead that U.S. Bank is a debt collector as defined by the FDCPA.

(MTD ¶¶ 17–40.)

### D. Prior Opinion

The Prior Opinion disposed of the Plaintiff's claims on *Rooker-Feldman* grounds:

> Because the Rooker-Feldman doctrine disposes of all of O'Hara's claims, this Court need not reach the other bases for dismissal of this case. This Court cannot hear O'Hara's Complaint nor his second Stay Motion.

Prior Opinion at 18.

### E. District Court Opinion

The District Court affirmed in part and remanded in part this Court's Prior Opinion. *See* District Court Opinion at 24. The District Court determined that the Plaintiff's fraud claims survive *Rooker-Feldman*:

7

> To the extent [Appellant's] pro se complaint can be liberally construed as asserting fraud claims that are not barred by *Rooker–Feldman*—because they seek damages from [Appellee] for injuries [Appellant] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment"—the Bankruptcy Court should do so on remand. *See Vossbrinck*, 773 F.3d at 427 (where plaintiff alleged that defendants engaged in fraud during the state foreclosure action and the district court dismissed the case on *Rooker-Feldman* grounds, the appellate court concluded the district court erred in dismissing plaintiff's fraud claims outright, but affirmed the dismissal in light of the district court's alternative grounds for dismissal). Here, where the adversary proceeding was dismissed solely on *Rooker-Feldman* grounds, the Bankruptcy Court is instructed to hear Appellant's fraud claims to the extent they seek damages from Appellee, but it cannot consider any claims that seek to void or overturn the 2015 foreclosure judgment in light of the *Rooker-Feldman* bar.

District Court Opinion at 21.

Notably, the District Court included the following footnote:

For the avoidance of doubt, the Court notes that it does not make any judgment as to the sufficiency of Appellant's fraud claims beyond their ability to overcome the Rooker-Feldman bar. So long as the Bankruptcy Court proceeds according with this opinion, the Court cannot bar the Bankruptcy Court from considering other possible grounds for dismissal such as those raised by Appellee below, e.g., *res judicata*, the statute of limitations, and failure to state a claim.

*Id.* at 21 n.5.

### F.    Scheduling Order

At the Scheduling Hearing, parties agreed that the fraud claims are those contained in Counts 1 and 2 of the Amended Adversary Complaint that appears on the Bankruptcy Court docket at ECF Doc. # 7.  In accordance with the Scheduling Order, parties filed the Supporting Brief, Opposition Brief, and Reply, as outlined below.

8

### G. The Supporting Brief

In the Supporting Brief, U.S. Bank asserts the following:

1. The fraud claims must be dismissed as the statute of limitations expired.
2. The fraud claims must be dismissed for failure to state a claim upon which relief may be granted.
3. Fraud upon the court is not a viable cause of action.
4. The fraud claims are barred on account of *res judicata* and collateral estoppel.
5. No legitimate grounds exist to warrant an award of punitive damages.

(Supporting Brief at 3-10.)

Specific arguments are summarized below.

U.S. Bank asserts that the statute of limitations has expired because the "purported misrepresentations regarding subject matter jurisdiction" occurred with the filing of the First and Second Foreclosure Action, on October 11, 2011 and September 30, 2013. (*Id. at.* 3.) U.S. Bank argues that "Plaintiff's fraud claims could not have possibly accrued *after* entry of the Judgment on December 14, 2015, almost **nine (9) years prior to the commencement of this Adversary Proceeding on October 31, 2024**. (*Id.* (emphasis in original))

Additionally, U.S. Bank argues that the statute of limitations was not tolled by fraudulent concealment because the bankruptcy was "a matter of public record and received a tremendous amount of sustained news coverage" and all "orders entered by the Bankruptcy Court, including those issued by Judge Peck, are publicly available." (*Id.* at 5.)

### H. The Opposition Brief

The Plaintiff used much of the Opposition Brief to describe why the foreclosures should be voided, which the District Court explicitly said could *not* be considered. As there are no merits to this argument and parties agreed at the Scheduling Hearing to brief only the fairly narrow issues on remand, only relevant information is included.

9

The Plaintiff asserts that:

1. The claims are not barred by the statute of limitations.
2. Plaintiff has stated a valid claim for fraud and damages.
3. The doctrines of *res judicata* and collateral estoppel are inapplicable.
4. U.S. Bank is judicially estopped from denying the Bankruptcy Court's jurisdiction over the LXS 2006-12 N Trust.
5. U.S. Bank's willful and wanton conduct warrants punitive damages.

(Opposition Brief at 16-22.)

Specific arguments are summarized below.

The Plaintiff argues that the statute of limitations was tolled by U.S. Bank's fraudulent concealment of the bankruptcy stay from "the CT Superior Count, the U.S. Bankruptcy Court, and the Pro Se plaintiffs throughout both foreclosure actions." (Opposition Brief at 17.) The Plaintiff argues that U.S. Bank never filed a Notice of Bankruptcy to evidence their "active concealment" of the bankruptcy. (*Id.* at 18.) The Plaintiff additionally asserts that the statute of limitations period did not begin to run until he had knowledge of the fraud, when he "recently discovered the court filings connecting the LXS 2006-12N to the Lehman Bankruptcy." (*Id.*)

**I. The Reply**

In the Reply, the Defendant makes the following arguments:

1. The mandate rule precludes the consideration of plaintiff's arguments seeking to declare the judgement void *ab initio*.
2. Plaintiff has failed to adequately allege let alone establish fraudulent concealment sufficient to overcome the expiration of the statute of limitations.
3. The doctrine of *res judicata* and collateral estoppel preclude his fraud claims.
4. Plaintiff's argument that Defendant is judicially estopped from denying the Bankruptcy Court's jurisdiction is facially absurd.
5. Plaintiff has failed to demonstrate any conceivable basis to justify an award of punitive damages.

(Reply at 2-10.)

Specific arguments are summarized below.

10

U.S. Bank points to the Plaintiff's conflicting positions that 1) Judge Peck issued an order in the main bankruptcy case granting exclusive jurisdiction over foreclosures to this Court and that 2) the alleged exclusive jurisdiction at issue was concealed from relevant parties and the Bankruptcy Court. U.S. Bank says, "Plaintiff leaves unexplained how Defendant could possibly have fraudulently concealed the existence of the automatic stay from the Bankruptcy Court." (*Id.* at 5.) U.S. Bank reiterates that even accepting that the automatic stay was in effect, it would have been a matter of public record and that the Plaintiff has not provided evidence of affirmative acts of concealment:

> Neither Plaintiff's Amended Complaint nor his Objection include any specific or even general factual allegations that Defendant undertook any affirmative act to conceal the alleged existence of the automatic stay from Plaintiff. He has also not specifically alleged what material fact(s) necessary to establish his fraud claims was/were purportedly concealed from him by Defendant that could not have been determined from a review of the public record. Tellingly, Plaintiff also fails to explain when the supposedly concealed facts, whatever they may be, were discovered by Plaintiff and how he acquired such information.

(*Id.*)

## II. LEGAL STANDARD

### A. Cause for Dismissal

"When a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first." *Whyte v. Bayview Loan Servicing, LLC*, No. 21-CV3301 (PKC) (LB), 2022 WL 4484664, at *3 (E.D.N.Y. Sept. 27, 2022) (cleaned up). "This is because if a court determines that it lacks subject matter jurisdiction, then the defendant's other defenses and objections become moot and do not need to be determined." *Id.* (cleaned up). "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over

cases if they lack subject matter jurisdiction." *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 446 (E.D.N.Y.), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *and aff'd*, No. 241522-CV, 2025 WL 65956 (2d Cir. Jan. 10, 2025. "Although courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers, *pro se* litigants must establish subject matter jurisdiction." *Id.* (cleaned up). "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.*; *see also* FED. R. CIV. P. 12(h)(3).

In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," and refrain from "drawing from the pleadings inferences favorable to the party asserting jurisdiction." *Whyte*, 2022 WL 4484664, at *3 (cleaned up). "The party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (cleaned up).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must set out only enough facts to state a claim for relief that is *plausible* on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949 (cleaned up). Plausibility "is not akin to a probability requirement"; rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Following the Supreme Court's decision in *Iqbal*, courts use a two-prong approach when considering a motion to dismiss. *See, e.g.*, *Weston v. Optima Commc'ns Sys., Inc.*, No. 09 Civ. 3732(DC), 2009 WL 3200653, at *2 (S.D.N.Y. Oct. 7, 2009) (acknowledging a "two-pronged" approach to deciding motions to dismiss). First, the court must accept all factual allegations in

12

the complaint as true, discounting legal conclusions clothed in the factual garb. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal*, 129 S. Ct. at 1949–50); *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009) (stating that the court must "accept as true all of the factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally") (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)); *Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008) ("In reviewing a motion to dismiss, we accept the allegations in the complaint as true.") (citation omitted); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) ("Although we construe the pleadings liberally, bald assertions and conclusions of law will not suffice.") (cleaned up). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 129 S. Ct. at 1951 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citation omitted). Meeting the plausibility standard requires a complaint to plead facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (citation omitted). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* (cleaned up). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."

13

*Id.* (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

Courts deciding motions to dismiss must draw all reasonable inferences in favor of the nonmoving party and must limit their review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (when deciding motion to dismiss, court will look at facts and allegations contained in the complaint and in any documents either incorporated into the complaint by reference to attached as exhibits, but may also look at public records). Courts also consider documents not attached to the complaint or incorporated by reference, but "upon which the complaint *solely* relies and which [are] integral to the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (cleaned up) (emphasis in original); *see also Grubin v. Rattet (In re Food Mgmt. Grp.)*, 380 B.R. 677, 690 (Bankr. S.D.N.Y. 2008) ("A court may even consider a document that has not been incorporated by reference where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (internal citation and quotation marks omitted).

### III.    DISCUSSION

In Connecticut, a fraud claim is barred by the three-year statute of limitations in pursuant to General Statute § 52-577. C.G.S.A. § 52-577. The limitations period typically begins to run the date the complained of conduct occurs, not the date when the plaintiff first discovers his injury. *Flannery v. Singer Asset Fin. Co., LLC*, 94 A.3d 553, 569 (Conn. 2014) (citing *Watts v. Chittenden,* 22 A.3d 1214, 1219 (Conn. 2011)).

14

However, the statute of limitations is tolled by fraudulent concealment. C.G.S.A. § 52–595 ("If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.") To prove fraudulent concealment, the plaintiffs must show: (1) "[the] defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2)[the] defendant's intentional concealment of these facts from the plaintiffs; and (3)[the] defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." *Weiner v. Clinton*, 942 A.2d 469, 475 (Conn. App. 2008) (citing *Bartone v. Robert L. Day Co.,* 232 Conn. 656 A.2d 221, 225 (Conn. 1995). "Generally, fraudulent concealment requires a showing of affirmative acts of concealment." *Curto v. Hartmann*, 344 A.3d 1244, 1251 (Conn. App. 2025). To make a showing of fraudulent concealment, "it [is] not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the cause of action. Instead, the plaintiffs [must] prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." *Weiner* 942 A.2d at 475-76.

Additionally, the tolling benefits of fraudulent concealment "may only be utilized if a plaintiff has exercised due diligence after being placed on inquiry notice of the existence of a cause of action." *World Wrestling Ent., Inc. v. THQ, Inc.*, No. X05CV065002512S, 2008 WL 4307568, at *12 (Conn. Super. Ct. Aug. 29, 2008). In *Weiner*, the court found that the plaintiffs failed to present a factual predicate for their claim that the defendant intentionally concealed the facts alleged in their interrogatory response when the defendant memorialized them in an affidavit that was filed with the court, making them a matter of public record.

15

U.S. Bank has shown that the Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) because it is time-barred. The First Foreclosure Action was filed in Connecticut Superior Court on October 11, 2011, and the Second Foreclosure Action was filed on September 30, 2013. Judgement was entered December 14, 2015. Almost nine years passed before the Plaintiff commenced this adversary proceeding on October 31, 2024. Even if this Court were to accept that any misrepresentations regarding the exclusive jurisdiction of this Court were made to the Connecticut Superior Court (which remains questionable), the Plaintiff's fraud claims could not have accrued after the Judgement was entered. As such, the claims are time-barred.

Additionally, the Plaintiff has not provided evidence of fraudulent concealment to toll the statute of limitations. The Plaintiff did not submit any evidence supporting the contention that the defendant fraudulently concealed the bankruptcy proceedings or Judge Peck's alleged order granting the Court exclusive jurisdiction over foreclosures. Indeed, if such order exists (though the Plaintiff has not provided it at any stage of litigation), it is a part of the bankruptcy docket in a widely publicized bankruptcy case and part of the public record, putting the Plaintiff on inquiry notice. As indicated by *Weiner*, to successfully assert a claim of fraudulent concealment, a plaintiff must provide clear, precise, and unequivocal evidence. The alleged concealment here, like the alleged concealment in *Weiner*, involves information that was part of the public record and lacked affirmative concealment. As such, the plaintiff's fraud claim was not tolled by fraudulent concealment and is time-barred. Having decided this, the Court need not reach the other bases for dismissal of this case.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to dismiss with prejudice under Rule 12(b)(6) because the claims of fraud are time-barred.

**IT IS SO ORDERED.**

Dated:    January 22, 2026
        New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge